JOHN LOCCISANO v. EDWARD H. FELTUS.

Decided October 6, 1931.

Before Gummere, Chief Justice, and Justices Tren-chard and Lloyd.

For the rule, *Heine & Laird*.

*Contra, Morris G. Fredman* and *Edward A. Markley*.

Per Curiam.

The plaintiff brought this suit to recover damages for personal injuries sustained by him in July, 1928, when an automobile of the defendant collided with one in which the plaintiff was riding as a passenger at the intersection of two public highways in Englewood. The trial resulted in a verdict in favor of the plaintiff, the jury awarding him $15,000. The grounds upon which we are asked to make the rule absolute are that the verdict is against the weight of the evidence and that it is excessive. The proofs showed that the plaintiff was working for one Frank Terranova and was returning from work to his home in a truck owned by his employer and driven by the latter. The truck was traveling eastward on Liberty road. As it reached the intersection of that road with Knickerbocker road it was truck by the car of the defendant which was traveling in a northerly direction on that road. According to the testimony submitted on the part of the plaintiff, as the truck in which he was riding came to the intersection the defendant's car was one hundred and fifty to two hundred feet south of the intersection; that the truck thereupon proceeded across Knickerbocker road, and when it had almost reached the further side thereof, the collision occurred. The testimony offered by the defendant was to the effect that as his car reached the intersection he observed that in which the plaintiff was riding a considerable distance away and to his left, and knowing that he had the right of way and also that he had reached the intersection first, he assumed that the driver of the vehicle in which the plaintiff was riding would conform to the rules

of the road and would grant him the right of way over the intersection; but that instead of doing so, the truck failed to either stop or slow down, and that when he observed these facts he attempted to pull to the right, and in doing so came in contact with the truck. Which of the two stories truthfully described the conditions under which the collision occurred was a question for the determination of the jury. They saw the witnesses, had an opportunity to observe their demeanor, and they believed those called by the plaintiff. We cannot say they were not justified in doing so, and that their finding is contrary to the weight of the evidence.

The only other contention is that the verdict is excessive. We are inclined to think that this contention also is without merit. The plaintiff at the time of the accident was about forty-four years old; he was earning $60 a week according to his own testimony and that of his employer. The accident happened on the 26th of July, 1928; the case was tried on the 11th of December, 1930, two years and four and one-half months after the happening of the accident; his total earnings during that period, if he had remained in a normal condition, would have been between $7,300 and $7,400. His medical expenses were $260. He suffered a fracture of the spine and a serious injury to his arm, and some slighter injury to one of his legs. As the result of these injuries he was incapacitated from work practically during all of the period from the occurrence of the accident until the trial, having earned only $50 during that time. His occupation prior to the accident was that of a tile layer, and as a result of the injuries to his back, which are permanent, his ability to carry on that work hereafter is, if not entirely destroyed, very much impaired. The award for pain and suffering and for loss of future earnings is approximately $7,500, that being the amount left after deducting wages lost prior to the trial of the case.

For the reasons which we have indicated we are not able to say that the verdict was so grossly excessive as to warrant our interference.

The rule to show cause will be discharged.